UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND,
ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE
NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND, THE
CARPENTER CONTRACTOR ALLIANCE
OF METROPOLITAN NEW YORK, and
THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS,

      Petitioners,

  -against-

OCEAN MARINE DEVELOPMENT CORP.,

      Respondent.

**ORDER**

20 Civ. 2728 (PGG)

---

PAUL G. GARDEPHE, U.S.D.J.:

    Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, Trustees of the New York City Carpenters Relief and Charity Fund, the Carpenter Contractor Alliance of Metropolitan New York (together, the "Funds"), and the New York City District Council of Carpenters (the "Union") (collectively with the Funds, the "Petitioners") filed this Petition seeking to confirm an arbitration award that they obtained against Respondent Ocean Marine Development Corp., Inc. pursuant to a collective bargaining agreement and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185.

Although the Petition was served (Dkt. No. 9), Respondent has neither opposed the Petition nor otherwise appeared in this action. For the reasons stated below, the Award will be confirmed.

## BACKGROUND

The Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds are trustees of multi-employer labor-management trust funds. (Pet. (Dkt. No. 1) ¶ 4) The Trustees of the New York City District Council of Carpenters Relief and Charity Fund are trustees of a charitable organization. (Id. ¶ 5) The Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation. (Id. ¶ 6) The Union is a labor organization certified as the bargaining representative for certain employees of Respondent. (Id. ¶ 7) Respondent Ocean Marine Development Corp. is a domestic business corporation that was at all relevant times an employer under the LMRA. (Id. ¶ 8)

As a member of the General Contractors Association of New York ("GCA"), Respondent is bound by a series of collective bargaining agreements ("CBAs") between GCA and the Union. (Id. ¶¶ 9-13) In particular, Respondent is bound by a CBA covering the period between July 1, 2006 and June 30, 2011, which – pursuant to a June 21, 2013 Memorandum of Agreement – also governs the period between July 1, 2011 and May 31, 2017 (id. ¶¶ 10-11; 2006 CBA (Dkt. No. 1-2)); as well as another CBA covering the period from July 1, 2017 to May 2021. (2017 CBA (Dkt. No. 1-3)  The CBAs require Respondent to pay contributions to the Funds for all "Covered Work" as defined under the CBAs, based on the number of hours worked by its employees. (Pet. (Dkt. No. 1) ¶ 15; see also 2006 CBA (Dkt. No. 1-2) Art. XII § 1; 2017 CBA (Dkt. No. 1-3) Art. XII § 1)  The CBAs also obligate Respondent to furnish its books and records to the Funds upon request to allow the Funds to ensure that Respondent is making the

2

required contributions. (Pet. (Dkt. No. 1) ¶ 16; see also 2006 CBA (Dkt. No. 1-2) Art. XII § 7; 2017 CBA (Dkt. No. 1-3) Art. XII § 10)

Respondent "failed to provide its books and records" for the purposes of conducting a requested audit, and the Funds determined that Respondent did not remit required contributions to the Funds for the period between November 1, 2010 and December 18, 2019. (Pet. (Dkt. No. 1) ¶¶ 23-27; Award (Dkt. No. 1-7) at 2-3)

The CBAs provide that,

> [s]hould any dispute or disagreement arise between the parties . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator. . . . The arbitrator shall have full and complete authority to decide any and all issues raised by the submission and to fashion an appropriate remedy including, but not limited to, monetary damages. The arbitrator's award in this regard shall be final and binding upon the parties . . . and shall be wholly enforceable in any court of competent jurisdiction. The cost of the arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party.

(2006 CBA (Dkt. No. 1-2) Art. XII § 11; see also 2017 CBA (Dkt. No. 1-3) Art. XII § 15)

Pursuant to the CBAs, Respondent is also bound by the Funds' Collection Policy. (2006 CBA (Dkt. No. 1-2) Art. XII § 1; see also 2017 CBA (Dkt. No. 1-3) Art. XII § 1; Collection Policy (Dkt. No. 1-5)) The CBAs and the Collection Policy provide that the Funds may obtain the following relief in any arbitration or lawsuit for unpaid contributions: (1) the sum of unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies. (2006 CBA (Dkt. No. 1-2) Art. XII § 6; 2017 CBA (Dkt. No. 1-3) Art. XII § 9; Collection Policy (Dkt. No. 1-5)) The Collection Policy provides that attorneys' fees "shall be assessed against a delinquent employer[] at the same hourly rate charged to the Funds for such services." (Collection Policy (Dkt. No. 1-5) § V(6))

On August 27, 2019, Petitioners initiated arbitration and sent a Notice of Hearing to Respondent. (Pet. (Dkt. No. 1) ¶ 25; Notice of Hearing (Dkt. No. 1-6))  The arbitration hearing took place on December 16, 2019.  (Notice of Hearing (Dkt. No. 1-6) at 1; Award (Dkt. No. 1-7) at 1)  Respondent did not appear at the hearing.  Petitioners provided "uncontroverted testimony and evidence" at the hearing demonstrating that the CBAs require Respondent to make certain contributions to the Funds and to allow Petitioners to audit Respondent's books and records to ensure that Respondent is making those contributions.  (Award (Dkt. No. 1-7) at 2)  The arbitrator found Respondent to be in default, and received into evidence Petitioner's summary report of the estimated amount of unpaid contributions of $5,787,401.13.  (Id.)

In a December 18, 2019 award (the "Award"), the arbitrator determined that Respondent owes a total of $8,794,970.34, which reflects $5,787,401.13 in delinquent contributions, $1,847,688.98 in interest, $1,157,480.23 in liquidated damages, $400.00 in costs, $1,500.00 in attorneys' fees, and $500.00 for the arbitrator's fee.  (Id. at 3)

On April 1, 2020, Petitioners filed the Petition, which seeks confirmation of the Award, attorneys' fees and costs arising out of this action, and post-judgment interest.  (Pet. (Dkt. No. 1))  Since then, Respondent has not paid any portion of the Award.  (Id. ¶ 31)  Respondent has not responded in any fashion to the Petition, and has not appeared in this action.

## DISCUSSION

### I.     APPLICABLE LAW

"It is well established that courts must grant an [arbitrator's] decision great deference."  Defuerco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003).  Accordingly, "confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'"  D.H. Blair &

Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Florasynth, Inc. v. Pickholz, 750 F.2d 171, 176 (2d Cir. 1984)).  "Only a 'barely colorable justification for the outcome reached' by the arbitrators is necessary to confirm the award."  Id. (quoting Landy Michaels Realty Corp. v. Local 32B-32J, Service Employees Int'l Union, 952 F.2d 794, 797 (2d Cir. 1992)).

Because a petition to confirm an arbitration award should be "treated as akin to a motion for summary judgment based on the movant's submissions," where the non-movant has failed to respond to a petition to confirm, the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial."  D.H. Blair, 462 F.3d at 109-110 (citation omitted).  Even unopposed petitions to confirm arbitration awards must "fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law."  Id. (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004) (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)) (internal quotation marks omitted)).

## II.   ANALYSIS

Petitioners have demonstrated that there is no genuine issue of material fact that precludes granting the Petition.  Before issuing the Award, the arbitrator considered the evidence presented at the hearing, which Respondent failed to attend.  (Award (Dkt. No. 1-7) at 1-2)  The arbitrator evaluated the relevant provisions of the CBAs and the summary report establishing the amount of unpaid contributions.  (Id. at 2)  The arbitrator determined, "[u]pon the substantial and credible evidence of the case as a whole," that Respondent was "in violation of the [CBAs] for its failure to permit [] Funds auditors to examine its [b]ooks [and r]ecords" for the audit period, and therefore was "obligated to pay the estimated amount of $5,787,401.13 plus interest,

liquidated damages, cost of the suit, attorney fees and the fee of the Arbitrator all in accordance with" the CBAs.  (Id.)  As discussed above, the arbitrator determined that the total amount owed was $8,794,970.34, with interest to accrue at 7.5% from the date of the Award.  (Id. at 3)

The Award was within the powers granted to the arbitrator in the CBAs, which state that in the event that a "dispute or disagreement arise[s] between the parties . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator."  (2006 CBA (Dkt. No. 1-2) Art. XII § 11; see also 2017 CBA (Dkt. No. 1-3) Art. XII § 15)  The CBAs further state that the "arbitrator shall have full and complete authority to decide any and all issues . . . and to fashion an appropriate remedy including . . . monetary damages."  (Id.)  The arbitrator's award is consistent with the CBAs' provisions.

"[C]ourts are not authorized to review [an] arbitrator's decision on the merits [even in the face of] allegations that . . . the decision rests on factual errors or misinterprets the parties' agreements."  N.Y.C. Dist. Council of Carpenters Pension Fund v. Star Intercom & Constr., Inc., No. 11. Civ. 3015 (RJH), 2011 WL 5103349, at *4 (S.D.N.Y. Oct. 27, 2011) (quoting Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted).  Here, of course, Respondent has made no such allegation.

A court "may vacate an arbitration award in four specific situations":

> "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators . . .; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In re Arbitration Between General Sec. Nat. Ins. Co. and AequiCap Program Administrators, 785 F. Supp. 2d 411, 417 (S.D.N.Y. Apr. 29, 2011) (quoting 9 U.S.C. § 10(a)).

Here, there is no evidence that the arbitration decision was made unlawfully, arbitrarily, or in excess of the arbitrator's powers. Accordingly, this Court grants the unopposed Petition to confirm all aspects of the Award.

### III.    ATTORNEYS' FEE AWARD

Petitioners seek an award of attorneys' fees expended in connection with this action. "[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Abondolo v. H. & M.S. Meat Corp., No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4-5 (S.D.N.Y. May 12, 2008) (collecting cases). Under the CBAs, Petitioners are entitled to reasonable attorneys' fees and costs in a court action to collect delinquent funds. (2006 CBA (Dkt. No. 1-2) Art. XII § 6; 2017 CBA (Dkt. No. 1-3) Art. XII § 9) The Collection Policy specifies that attorneys' fees "shall be assessed against a delinquent employer[] at the same hourly rate charged to the Funds for such services." (Collection Policy (Dkt. No. 1-5) § V(6)) The hourly rates sought by Petitioners here correspond with the rates that the Funds themselves pay for legal services (Pet. (Dkt. No. 1) ¶¶ 37-40), and the requested fees and costs are otherwise reasonable. See, e.g., Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Concrete Bros. Constr. LLC, No. 20-CV-2196 (JGK), 2020 WL 3578200, at *4 (S.D.N.Y. July 1, 2020) (awarding $350 hourly to partner at Virginia & Ambinder, LLP ("V&A") and $120 per hour for legal assistants); Trustees of New York City Dist. Council of Carpenters Pension Fund v. Earth Constr. Corp., No. 19-CV-5411 (ALC), 2020 WL 614740, at *3 (S.D.N.Y. Feb. 10,

2020) (awarding $275 per hour for V&A associates).  Accordingly, Petitioners' application for an award of attorneys' fees will be granted.

## IV.   POST-JUDGMENT INTEREST

Petitioners' request for post-judgment interest at the statutory rate (Pet. Br. (Dkt. No. 5) at 7-8) is also granted.  "28 U.S.C. § 1961(a) mandates post-judgment interest for civil money judgments recovered in federal district court."  Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. S&S Kings Corp., No. 19-CV-01052 (RA), 2019 WL 4412705, at *4 (S.D.N.Y. Sept. 16, 2019) (confirming arbitration award and granting pre- and post-judgment interest) (citing Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004)).  "'[P]ost-judgment interest 'shall be calculated from the date of the entry of the judgment.'"  Id. (quoting 28 U.S.C. § 1961(a)).

## CONCLUSION

For the reasons stated above, the Petition to confirm the arbitration award (Dkt. No. 1) is granted.  The Clerk of Court is directed to enter judgment, confirming the arbitration award in the amount of $8,794,970.34, with interest to accrue at 7.5% as of December 18, 2019, until entry of judgment.  The Clerk is also directed to include in the judgment $1,435 in attorneys' fees and $70 in costs.  Post-judgment interest on the entire amount will accrue from the date of the judgment at the rate provided by 28 U.S.C. § 1961(a).

The Clerk of Court is directed to close this case.

Dated: New York, New York
       October 2, 2020

SO ORDERED.

*Paul G. Gardephe*

Paul G. Gardephe
United States District Judge